**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

LUIS ALONZO ANDRADE,

Petitioner,

v.

MARKWAYNE MULLIN,
*Secretary of Homeland Security*,
TODD BLANCHE,
*Acting U.S. Attorney General*,
TODD LYONS,
*Acting Director of U.S. Immigration and Customs Enforcement*, and
VERNON LIGGINS,
*Acting Director of Baltimore ICE-ERO Field Office, U.S. Immigration and Customs Enforcement*,

Respondents.

Civil Action No. 26-3091-TDC

**ORDER**

Petitioner Luis Alonzo Andrade, who is currently in immigration detention, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The parties have filed a Joint Notice stating that the factual and legal issues presented in this Petition do not differ in any material way from those previously presented in *Velasquez v. Noem*, No. GLR-25-3215, 2025 WL 3003684 (D. Md. Oct. 27, 2025); *Villanueva Funes v. Noem*, No. 25-3860-TDC, 2026 WL 92860 (D. Md. Jan. 13, 2026); and *Leal-Hernandez v. Noem*, No. 1:25-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025). The parties further state that the Court should incorporate Respondents' filings in those cases in lieu of further briefing. The Court will do so.

As a threshold issue, Respondents argue that the Court lacks jurisdiction to review Alonzo Andrade's detention based on 8 U.S.C. §§ 1252(e)(3), 1252(g), 1252(b)(9), and § 1226(e). As to 8 U.S.C. §§ 1252(e)(3), 1252(g), and 1252(b)(9), the Court incorporates by reference its analysis of Respondents' same arguments in *Maldonado v. Baker*, No. 25-3084-TDC, 2025 WL 2968042 (D. Md. Oct. 21, 2025), *Villaneuva Funes*, and *Santamaria Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2841886 (D. Md. Oct. 7, 2025), and based on the same reasoning, rejects Respondents' present arguments that the Court lacks jurisdiction over the Petition on these grounds. *See Maldonado*, 2025 WL 2968042, at *3–4; *Villanueva Funes*, 2026 WL 92860, at *2–4; *Santamaria Orellana*, 2025 WL 2841886 at *6–7.

As to 8 U.S.C. § 1226(e), that provision states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review" and that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). For the reasons stated in *Leal-Hernandez* on this issue, the relevant portion of which the Court incorporates by reference, the Court finds that it has jurisdiction to consider the Petition. *See Leal-Hernandez*, 2025 WL 2430025, at *7–8.

As stated in *Velasquez* and *Villanueva Funes*, Respondents contend that Alonzo Andrade is subject to mandatory detention because he was never lawfully admitted to the United States. *See* Ans. at 6–10, *Velasquez,* No. 25-3215-GLR, ECF No. 11; Ans. at 11–12, *Villanueva Funes*, No. 25-3860-TDC, ECF No. 9. Alonzo Andrade is differently situated from those petitioners in that he was detained and released by immigration officials when he initially entered the United States, and he then sought asylum in the United States and is presently awaiting the resolution of her pending asylum application with United States Citizenship and Immigration Services. Alonzo

Andrade is therefore like the petitioners who were present in the United States after having been released from detention and were awaiting asylum application review in *Hasan v. Crawford*, 800 F. Supp. 3d 641 (E.D. Va. 2025), *Afghan v Noem*, No. SAG-25-04105, 2025 WL 3713732 (D. Md. Dec. 23, 2025), and *Said v. Noem*, No. 325-CV-00938-MOC, 2025 WL 3657217 (W.D.N.C. Dec. 17, 2025). The Court concurs with and incorporates by reference the *Hasan*, *Afghan*, and *Said* courts' detailed analysis of the issue. *See Hasan*, 800 F. Supp. 3d at 651–57; *Afghan*, 2025 WL 3713732, at *2; *Said*, 2025 WL 3657217, at *5–6. The Court therefore concludes, as the courts did in *Hasan*, *Afghan*, and *Said*, that Alonzo Andrade is not subject to mandatory detention under 8 U.S.C. § 1225(b) and that Alonzo Andrade is entitled to a bond hearing pursuant to § 1226(a). *Id.*

For the foregoing reasons, it is hereby ORDERED that Alonzo Andrade's Petition for a Writ of Habeas Corpus, ECF No. 1, is GRANTED in that:

1. The Court finds that Alonzo Andrade's detention is governed by 8 U.S.C. § 1226(a) and enjoins detention of Alonzo Andrade pursuant to 8 U.S.C. § 1225(b).

2. Respondents shall arrange for Alonzo Andrade to receive a bond hearing before an immigration judge, which will occur pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1, 1003.19, and 1236.1, and in relation to which Alonzo Andrade shall receive all process due under these provisions and all other applicable law.

3. The bond hearing shall occur within **10 days** of the date of this Order and under circumstances that ensure that Alonzo Andrade is able to participate in the hearing and that he is represented by his counsel.

4. If Alonzo Andrade is not provided with a bond hearing on these terms within **10 days** of the date of this Order, Respondents shall release him from custody on the condition that he appear at a future bond hearing.

5. **Within 14 days** of the date of this Order, the parties shall file a Joint Status Report to confirm Respondents' compliance with this Order. If Alonzo Andrade has not been released from custody, the Joint Status Report shall state whether and when a bond hearing was held in accordance with this Order and shall state the grounds for the immigration judge's decision. The Joint Status Report shall also state whether the parties agree that this

case may be closed, subject to the Court's retention of jurisdiction to enforce compliance with prior Orders.

Date: August 7, 2026

/s/
THEODORE D. CHUANG
United States District Judge